Filed 4/21/23  P. v. McGee CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON EDWARD McGEE,<br><br>        Defendant and Appellant. | A165873<br><br>(Contra Costa County<br> Super. Ct. No. 04–204018–6) |

Defendant Jason McGee appeals from orders finding him not competent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code section 1370 et seq.

Defendant's appointed appellate counsel filed a brief setting forth the applicable facts and law pursuant to *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  Appointed counsel informed defendant that he could file a supplemental brief and that the court would likely dismiss his appeal if he did not file a supplemental brief.  This court provided defendant further notice, pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, 231–232, that his appeal could be dismissed as abandoned if no supplemental brief were filed within 30 days.  Defendant has not filed a timely supplemental brief.

Our discretionary review of the record discloses no arguable issues, and we therefore affirm.

1

## BACKGROUND

On March 23, 2022, the Contra Costa County District Attorney filed a felony criminal complaint against defendant charging him with two counts of arson of a structure or forest (Pen. Code,[1] § 451, subd. (c)), based on incidents alleged to have occurred in Antioch on March 18 and March 21, 2022.

On April 7, 2022, the day scheduled for the preliminary examination, defense counsel informed the court that defendant wished to represent himself, and expressed a doubt about defendant's competence to stand trial. The court (Hon. Jon R. Rolefson) also expressed a doubt regarding defendant's competence and suspended the criminal proceedings pursuant to section 1368 et seq.

At a hearing on April 13, 2022, defense counsel reported that defendant "objects to this process and very much wants this Court to proceed to find him not guilty today." The trial court (Hon. Laurel S. Brady) appointed psychologists Corey Hahn and Melissa Johnson to evaluate defendant and appointed Donald Siggins as "the backup."

All three psychologists prepared evaluations. Dr. Johnson and Dr. Siggins concluded defendant was competent to stand trial. Dr. Hahn concluded defendant was not competent to stand trial.

At a hearing on May 18, 2022, defense counsel submitted the issue of competency based on the three reports. Defense counsel stated, ". . . Dr. Hahn's report is the most comprehensive, and I concur in his . . . conclusion. [¶] He is the only of the three doctors who has reached out to me for my input. Additionally, he is the only of the three doctors who reviewed the full record." The prosecutor "concur[red] with defense counsel's analysis and conclusion of submitting on" the reports.

---

[1] Undesignated statutory references are to the Penal Code.

2

The trial court noted that Dr. Siggins was under the impression defendant was acting as his own attorney, which was not the case. The court agreed that Dr. Hahn's report was "much more comprehensive," observing he reviewed over a thousand pages of medical records and spoke with defense counsel "where the other two did not." The court gave "greater weight to Dr. Hahn's report" and found by a preponderance of the evidence, "defendant is not presently able to understand the nature and purpose of the proceedings taken against him, and is not able to assist and cooperate with counsel in presenting a defense."

The court referred defendant to CONREP (Conditional Release Program) pursuant to section 1370, subdivision (a)(2)(A).

Defense counsel said that defendant "very much objects to the Court's conclusion, and wants to be found competent."

At a hearing on June 29, 2022, the court considered the CONREP report. Defense counsel told the court defendant continued to object to the finding that he is incompetent, and he did not consent to medication.

The trial court (Hon. Laurel S. Brady) ordered defendant committed to the Department of State Hospitals for a maximum of two years.[2] Defendant did not consent to administration of antipsychotic medication.

On July 29, 2022, defendant filed a notice of appeal of the finding of incompetence and commitment to the Department of State Hospitals.

---

[2] The reporter's transcript reflects that the trial court stated defendant was committed to the Department of State Hospitals, "three year max." The written order of commitment, however, reflects that the maximum term of commitment is two years. The written order is correct, as the maximum commitment is two years. (§ 1370, subd. (c)(1).)

## DISCUSSION

In *Ben C.*, our Supreme Court held that "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel . . . should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law." (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) In addition, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id*. at p. 544, fn. 6.) The reviewing court may then dismiss the appeal if there are no arguable issues. (*Id*. at p. 544.) The *Ben C.* procedure applies to appeals of competency proceedings. (*People v. Blanchard* (2019) 43 Cal.App.5th 1020, 1025–1026.)

Here, defendant's appointed appellate counsel followed *Ben C.* and informed defendant he could file a supplemental brief. This court also gave defendant notice that his appeal might be dismissed as abandoned if he did not file a timely supplemental brief, but defendant has not filed such a brief.

Appointed counsel asks this court "to exercise [our] discretion to review the short appellate record to confirm proper procedures were followed and that the order is supported by substantial evidence." (See *Ben C., supra,* 40 Cal.4th at p. 544, fn. 7 [recognizing an appellate court may choose to retain an appeal rather than dismiss it].) We have reviewed the record, and the finding defendant was not competent to stand trial was supported by substantial evidence. The commitment ordered by the court is authorized by law and supported by CONREP's recommendation. Defendant was represented by able counsel.

## DISPOSITION

The orders finding defendant incompetent to stand trial and committing him to the Department of State Hospitals are affirmed.

4

_____
Miller, J.

WE CONCUR:


_____
Stewart, P.J.


_____
Markman, J.*


A165873, *People v. McGee*

---

&ast; Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.